IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**OSSIE TRADER,**
    Petitioner,

v.      CIVIL NO. 14-108

**PENNSYLVANIA DEPT. OF CORRECTIONS,**
**et al.,**
    Respondents.
_____

**ORDER**

**AND NOW**, this 13th day of March 2015, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and the response thereto, and upon *de novo* review of the portions of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacob P. Hart [Doc. No. 15] to which Petitioner filed formal objections [Doc. No. 16, 17, 19] and additional correspondence, it is hereby **ORDERED** that:

    1.     The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] In 1983, a federal judge imposed on Trader a 25-year federal sentence for a conviction for armed bank robbery. The judge ordered that the 1983 federal sentence run concurrent to two state court sentences for robberies, imposed in 1982 (the longer of which was for 9-20 years). In 1984, Trader was convicted and sentenced on additional state robbery charges, extending his maximum date in state custody to September 6, 2004. Trader was in state custody from 1982 until 1991; then, the Commonwealth paroled him and he entered federal custody on his overlapping, concurrent 1983 federal sentence, as well as a sentence for violation of parole on an earlier federal conviction. He was released from federal custody on federal parole in 1994. In late 1994, while on both state and federal parole, Trader was arrested for another armed bank robbery. In 1995 he pled guilty to that bank robbery and related charges in federal court, and in 2000 he was sentenced to serve 188 months plus a consecutive 60 month term in federal prison. In 2013, the Pennsylvania Bureau of Prisons opted to assume custody of Trader and return him to the state system to answer for his parole violation (i.e., the 1994 federal convictions). On October 3, 2013, the Pennsylvania Bureau of Probation and Parole found Petitioner in violation of parole, and ordered him to serve 30 months *consecutive* to all other sentences. His new maximum date is calculated as February 16, 2027. He is currently in state custody.

    In his Petition, Trader argues that, in imposing 30 months for the parole violation, Respondents failed to comply with the 1983 federal court ruling that his 1983 federal sentence would run concurrent with the two 1982 state sentences. The crux of Petitioner's argument appears to be that he cannot simultaneously be on state parole and in federal custody. He argues that because he was in federal custody for most of the 30 months he was on state parole, he cannot be made to serve those months now, in state custody for parole violations, without violating the federal court directive that the state and federal sentences be served concurrently.

2. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing;[2] and

3. There is no probable cause to issue a certificate of appealability.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

The Court notes that the federal court's order that Trader's 1983 federal sentence would run consecutive to the previously imposed state sentences was a directive to the federal Bureau of Prisons, which properly implemented it; this order did not bind the Pennsylvania Bureau of Prisons or Parole Board, over which the federal court had no jurisdiction with regard to Petitioner.

Although Trader asserts that the 30-month consecutive sentence imposed for parole violations implicates constitutionally protected interests (citing the Fifth Amendment's "liberty clause", the due process clause, the double jeopardy clause, the right to a jury trial, the ex post facto clause, constitutional separation of powers, and the Eighth amendment prohibition against cruel and unusual punishment), in fact, his petition is clearly a challenge to Respondents' interpretation and application of the state law regarding the recomputation of a state sentence following a parole violation (61 Pa. C.S.A. § 6138). In his objections and subsequent correspondence, Trader raises challenges as to the treatment of state parole time spent in federal custody on an overlapping, concurrent sentence. As the R & R notes, Pennsylvania's parole statute has been found to be constitutional by other district courts considering the issue. See R & R at 7, n. 1. Here, Trader has not challenged the constitutionality of the Pennsylvania statute. He only challenges the Commonwealth's application of the law to the facts of his case. In so doing, Trader argues only that the application was inconsistent with a federal court order; he does not put forth any argument or evidence demonstrating that the application of 61 Pa. C.S.A. § 6138 to the facts of his case violated any constitutional principle.

Trader also argues in his objections that his § 2241 petition has been treated as a § 2254 petition. This is simply incorrect. The Magistrate Judge clearly states that he reviewed the Petition pursuant to § 2241, and the R & R explicitly (and correctly) discusses the exhaustion requirement as it pertains to § 2241 petitions.

Finally, Trader objects to the R & R's finding that he has not exhausted state law remedies for his claims, explaining that he has filed administrative appeals. The Court agrees with the conclusion of the R & R; Trader's habeas Petition is not exhausted, as Trader raised the issues contained in the Petition only at the administrative level, and not in the state courts. Moreover, as noted above, his claims are non-cognizable, even if procedurally exhausted, as he does not state any constitutional claims.

[2] In Doc. No. 20, Trader acknowledges that the record contains all information necessary to reach a ruling on his petition. Upon review of the record, the Court finds that no hearing is necessary.